# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

In Re

PROCEDURES IN STAY RELIEF
MATTERS

**ORDER CONTINUING STAY IN
EFFECT PENDING PRELIMINARY
HEARING AND ESTABLISHING
PROCEDURES FOR RESOLUTION
OF STAY RELIEF MOTIONS**

The Movant having filed a Motion for Relief from Stay (the "Motion") to which an objection has been filed,

**IT IS ORDERED THAT:**

### General Procedures

1. Counsel for the movant shall immediately serve a copy of this Order on the debtor, debtor's counsel, and any other respondent(s) and their counsel.

2. Local Bankruptcy Rules 4001-1, 9004-1, 9010-1, 9013-1 and 9071-1 shall apply to all further proceedings on the Motion, except as modified by this or other Order, and counsel should familiarize themselves with those Local Rules.

3. Unless otherwise ordered, the provisions of Rule 26(a)(1), (d), (e)(1), (f), and (g)(1), Federal Rules of Civil Procedure, otherwise made applicable to this matter by Rules of Bankruptcy Procedure 9014 and 7026, shall not apply to further proceedings on the Motion.

4. Based on a review of the entire record in the pending case, all the pleadings, and such notice and opportunity for hearing as are appropriate in these circumstances, the Court finds it appropriate to continue the stay in full force and effect pending the preliminary hearing and any continued preliminary hearing or final hearing that may be scheduled, or further order of this Court.

5. If the parties settle this matter at any stage, they shall immediately notify this Court and file a stipulation and order, or other appropriate pleadings, which shall provide, among other things, for the vacating of all scheduled hearings.

### Preliminary Hearing

6. To obtain a preliminary hearing, Movant's counsel shall check the court's website at www.azb.uscourts.gov to obtain available preliminary hearing dates. Begin by selecting "Judges' Procedures" and then selecting "Judge Randolph J. Haines." Counsel are not to rely on the continuing availability of any dates previously obtained. Movant's counsel shall select one of the available dates and shall, not less than ten (10) days in advance of that date, serve on all

parties a copy of this Order together with a written notice stating that a nonevidentiary preliminary hearing will be held on that date in the United States Bankruptcy Court for the District of Arizona, Courtroom # 603, 6th Floor, 230 North First Avenue, Phoenix, AZ 85003. Counsel's certificate of such service shall be filed with the Court within one day of such service, and a copy of such certificate and notice shall be mailed or e-mailed (janet_smith@azb.uscourts.gov) directly to Janet Smith, Courtroom Deputy. Failure to file and serve the certificate of service and notice may result in the preliminary hearing not being called or being postponed until after such service is properly effected and certificated.

7. No witnesses are required to attend the preliminary hearing. Prior to the preliminary hearing, counsel for all parties shall have personally consulted about <u>all</u> issues regarding the Motion including, but not necessarily limited to, the following,

> a. all factual matters that are disputed and undisputed;
>
> b. whether an evidentiary hearing is required and, if so, the dates for discovery cut off, exchange of lists of witnesses and copies of all exhibits, filing of the <u>joint</u> pretrial statement and when the parties will be ready for the evidentiary hearing and the amount of time requested for the hearing;
>
> c. whether the Motion may be resolved by oral argument on legal issues based on stipulated facts;
>
> d. the briefing schedule by which <u>all</u> memoranda will be filed;
>
> e. the scheduling of further hearing(s), preliminary or final, on the Motion and such other issues as any party deems material.
>
> The parties shall cooperate in timely discussing all such issues ***prior*** to the hearing.

8. **Counsel and parties are advised that the Court intends, if at all possible, to resolve the Motion at the Preliminary Hearing based on stipulated or uncontested facts and documents as to which there are no evidentiary objections.**

## Final Hearing

9. Unless the Court orders otherwise, no later than two (2) weeks prior to any final evidentiary hearing, the parties are to file and exchange witness lists and copies of all exhibits to be utilized at the hearing, including impeachment evidence, regardless of what additional discovery is conducted. Any witnesses and exhibits not so timely disclosed will not be heard or admitted into evidence. The original, unmarked exhibits will be brought to court by counsel on the hearing date, in tabbed exhibit books if voluminous. The parties shall attempt in good faith to stipulate, in advance of the hearing, to the admissibility of all such documentary evidence.

10. Unless the Court orders otherwise, no later than two (2) weeks prior to any final evidentiary hearing, each party shall serve upon the other party(ies) all appraisal and other expert reports that it intends to introduce, and declarations from all non-hostile witnesses the party intends to call. The parties shall attempt in good faith to stipulate to the admissibility of such reports and declarations.

> a. Any party intending to introduce appraisal reports or other expert documentary evidence shall comply with F.R.C.P. 26(a)(2), except as modified herein. Such party shall serve a copy of such report or document

upon the opposing party as quickly as such report is available and, in any event, within such time that the deposition of such expert, if desired by the other party, can reasonably be scheduled and taken prior to the final hearing. The proposed timing of such disclosure shall be taken into account by the Court in setting the time for the final hearing. **Therefore, any request for a continuance of the final hearing based upon the unavailability of such reports or the failure of a party to have taken an expert's deposition will be disfavored**.

           b.  Each party shall file and serve the sworn declarations of all non-hostile fact and expert witnesses within the time set forth above. The statements in such declarations must be in admissible form and include adequate foundation unless otherwise stipulated. No party may call a nonhostile witness whose declaration has not been so served, and no direct examination of a nonhostile witness may exceed the scope of the factual issues fairly addressed by the witness' declaration.

     11.  Unless the Court orders otherwise, no later than one (1) week prior to the final hearing the parties shall file a joint pretrial statement that specifies what factual and legal issues must be resolved, what witnesses will be called either for direct or cross examination, and how much time is estimated to be required for the hearing. The parties shall specify in the joint pretrial statement (i) which declarations may be admitted into evidence at the final hearing, (ii) which declarations may be admitted into evidence provided the witness is available for cross examination, and (iii) which witnesses' nonhostile testimony must be provided by direct examination. Notwithstanding any such stipulation, the Court may, by order issued in advance of the hearing, require the direct examination of any witness.

Dated:  October 8, 2003